IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

TYRONE EVANS

CRIMINAL ACTION
NO. 18-219

PAPPERT, J.                                                      May 23, 2023

MEMORANDUM

Tyrone Evans orchestrated three armed robberies of Philadelphia convenience stores, serving as a lookout while co-conspirators demanded cash and threatened to shoot or kill store employees. *See United States v. Evans*, 858 F. App'x 40, 41 (3d Cir. 2021). In one of the holdups, his co-conspirator hit a clerk several times with his pistol. *Id.* Evans denied any role in the robberies after his arrest, but made several recorded phone calls to his girlfriend and others from the Federal Detention Center. He asked his girlfriend to delete social media accounts that could tie him to the crimes and told others to "lay low." *See id.*; *see also* (ECF 64 at 2). Days before his trial was to begin, Evans pleaded guilty, without a guilty plea agreement, to three counts of aiding and abetting Hobbs Act robbery and three counts of aiding and abetting the brandishing, use and carrying of a firearm during a crime of violence. *See* (ECF 47).

The Court sentenced Evans to 300 months imprisonment, including consecutive 84-month sentences for each of the firearms charges. (*Id.*) He appealed and the Third Circuit affirmed his sentence. *Evans*, 858 F. App'x at 41. Evans filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (ECF 69). He asserts four ineffective assistance of counsel claims, saying his lawyer: failed to object

to his mandatory consecutive sentences under 18 U.S.C. § 924(c); did not withdraw as counsel due to a purported conflict of interest and "failed to follow directions"; did not secure from the Government a better plea deal; and did not "explain the risks of signing a plea agreement." The Court denies Evans's Motion in all respects and declines to issue a certificate of appealability because his claims are foreclosed by his colloquy with the Court at his change of plea hearing and are otherwise unsupported by the record or applicable law.

## I

## A

Section 2255(a) of Title 28 of the United States Code permits a prisoner serving a federal sentence to move the sentencing court to vacate, set aside, or correct his sentence when (1) the sentence violated the Constitution or federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. The petitioner bears the burden of showing his § 2255 petition has merit and must clear a significantly higher hurdle than on direct appeal. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005); *United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995).

The court must hold an evidentiary hearing for a § 2255 petition alleging ineffective assistance of counsel unless the motion, case filings and record conclusively show the prisoner is not entitled to relief. 28 U.S.C. § 2255(b). Under the requisite two-step inquiry, the court must consider as true the petitioner's nonfrivolous factual claims and determine based on the existing record whether those claims conclusively fail to demonstrate ineffective assistance. *United States v. Arrington*, 13 F.4th 331, 334

(3d Cir. 2021).

## B

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, and counsel can deprive a defendant of this right by failing to render adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, the petitioner must show (1) counsel performed deficiently and (2) this deficiency prejudiced his defense. *Id.* at 687. A court can analyze these prongs in any order and need not address both if petitioner makes an insufficient showing on one. *Id.* at 697; *Gaines v. Superintendent Benner Twp. SCI*, 33 F.4th 705, 712 (3d Cir. 2022). *Strickland*'s two-part test is a high bar to surmount. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

The standard for attorney performance is objective reasonableness under prevailing professional norms when considering all the circumstances. *Strickland*, 466 U.S. at 687–88, 690; *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 850 (3d Cir. 2017). Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. The court cannot be distorted by hindsight, must evaluate counsel's conduct from his perspective at the time and strongly presume his conduct is in the wide range of reasonable assistance. *Id.*; *United States v. Scripps*, 961 F.3d 626, 632 (3d Cir. 2020).

As for prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one that undermines confidence in the outcome. *Id.*

C

The Sixth Amendment's guarantee of the effective assistance of counsel applies during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). *Strickland*'s two-part test governs ineffective assistance claims stemming from guilty pleas, in which there is a fundamental interest in finality. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

To prove prejudice on a claim that counsel provided faulty advice during plea negotiations, the criminal defendant must show there is a reasonable probability that, but for counsel's advice, he would not have pleaded guilty and insisted on proceeding to trial. *Hill*, 474 U.S. at 59; *Lafler*, 566 U.S. at 163. In doing so, the defendant cannot merely make a "bare allegation" he would have gone to trial if not for counsel's deficient advice. *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995). Additionally, erroneous sentencing information allegedly provided by counsel can be corrected by a plea colloquy that accurately stated the criminal defendant's potential sentence. *United States v. Shedrick*, 493 F.3d 292, 300 (3d Cir. 2007).

II

Evans's ineffective assistance of counsel claims fail because he cannot show deficient performance and prejudice for any of them. *See Strickland*, 466 U.S. at 687. Nor is an evidentiary hearing warranted since the parties' filings and the record conclusively show Evans is not entitled to relief. *See* § 225(b); *Arrington*, 13 F.4th at 334.

A

Evans incorrectly believes his sentence would have been different had counsel objected to the three mandatory minimum sentences on the § 924(c) counts running

consecutively.  The First Step Act eliminated the 25-year mandatory minimum for first-time offenders convicted of multiple § 924(c) counts from the same indictment, but did not affect the mandatory consecutive sentencing provision.  18 U.S.C. § 924(c)(1)(C), (D)(ii); *United States v. Hodge*, 948 F.3d 160, 161 n.2 (3d Cir. 2020).  Nothing his lawyer could have said would have altered that reality.

Relatedly, Evans claims his guilty plea was not knowing and voluntary because his lawyer never explained that the sentences for the § 924(c) violations would run consecutively.  But the Court fully vetted that issue with Evans at his change of plea hearing.  He told the Court he discussed it with his lawyer and that notwithstanding any argument counsel might make to the contrary, Evans fully understood that Counts 2, 4 and 6 could cumulatively carry a 21-year mandatory minimum prison term, with the possibility of an additional period of incarceration for the robberies.  (Change of Plea Tr. 28:4–29:16; 29:17–30:10.)

Evans now asserts that he is innocent of the § 924(c) offenses because he did not possess a gun during the robbery; he merely served as a look-out while his co-defendants used guns in the commission of the robberies.  (Pet. at 3.)  An aider or abetter can be convicted of a § 924(c) violation.  *See United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018); *Evans*, 858 F. App'x at 43 & n.5 (affirming Evans's § 924(c) conviction on direct appeal).  There is no merit to his actual innocence argument, and Evans was fully aware of the elements and consequences of the § 924(c) charges when he entered his guilty plea.  *Evans*, 858 F. App'x at 43 n.5; (Change of Plea Tr. 24:7–25:6).

B

Evans's second contention is that his lawyer was ineffective for failing to withdraw from the case. (Pet. at 3–4.) At the beginning of his change of plea hearing, less than a week before trial was scheduled to begin, Evans requested new counsel. (Change of Plea Tr. 5:1–2, ECF 56.) When a criminal defendant requests a new attorney on the eve of trial, the Court must determine whether good cause exists for the defendant's dissatisfaction with the lawyer. *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995). Good cause includes "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney." *Id.* The Court, after an *ex parte* colloquy with Evans and his lawyer, found Evans's eleventh-hour request frivolous. When asked why he wanted a new lawyer, Evans claimed, for the first time, that he had not seen any of his discovery. (Change of Plea Tr. 5:1–5.) But that was quickly proven false when, in response to the Court's question as to what discovery he needed but didn't have, Evans switched gears and claimed it was about "motions and things" his lawyer purportedly told him he wouldn't "put in." (*Id.* at 5:22–6:2.) Counsel then confirmed he had all the discovery and that he met with Evans to review it, even giving his client the password so Evans could access the materials himself. (*Id.* at 7:7–13.) Counsel then said his client's real beef was that he wanted a "C plea" that the Government wouldn't offer. (*Id.* at 7:7–8:3.) Evans then admitted he understood that the Government's unwillingness to offer a C plea was unrelated to discovery or motion practice. (*Id.* at 8:7–18.) And the motion Evans wanted counsel to file was a vagueness challenge to § 924(c), which would have been groundless. (*Id.* at 5:4–5, 9:7–20); *see also Goldberg*, 67 F.3d at 1098 (attorney's refusal to file meritless motions requested by

6

client is not good cause for substituting counsel).  Evans then talked to his attorney and decided to plead guilty.  (Change of Plea Tr. 9:24–10:13.)  During his plea colloquy, Evans testified that he was satisfied with his attorney's representation.  (*Id.* at 17:8–10.)

Evans now claims that his attorney failed to disclose the "true reasons" for the need for new counsel.  (Pet. at 3.)  But the Court gave Evans a full opportunity to explain for himself why new counsel was necessary (or to contradict his lawyer's version of events), and he cannot blame his attorney for allegedly failing to accurately communicate why he wanted to switch lawyers.  (Change of Plea Tr. 4:17–6:4, 9:3–23.)

Evans believes he was entitled to new counsel because he and his attorney "shared different views on the case" and had "argued during the review meetings," but he does not specify in his Petition what they disagreed about.  (Pet. at 4.)  The Court's best guess is that Evans is referring to the dispute he discussed at the change of plea hearing:  Evans wanted his lawyer to raise a vagueness challenge to § 924(c), but his lawyer declined to do so.  (Change of Plea Tr. 9:13–20.)  Effective assistance does not require counsel to file every possible motion—only those with a "solid foundation." *United States v. Swinehart*, 617 F.2d 336, 341 (3d Cir. 1980) (quoting *United States v. Hines*, 470 F.2d 225, 232 (3d Cir. 1972)).  To show prejudice, the petitioner must show he likely would have prevailed on the motion and that, after prevailing, there is a reasonable probability that he would not have been convicted (including through a guilty plea).  *See Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005).

Again, the Third Circuit addressed the vagueness argument on appeal and held that "contesting Evans's plea and conviction on this ground would be frivolous."  *Evans*,

858 F. App'x at 43.  Despite doctrinal shifts in § 924(c) jurisprudence over the past several years, the law in this Circuit remains that completed Hobbs Act robberies are crimes of violence.  *United States v. Stoney*, 62 F.4th 108, 113 (3d Cir. 2023).  Any argument that aiding and abetting a completed Hobbs Act robbery is not a crime of violence in light of *United States v. Taylor*, 142 S.Ct. 2015, 2025 (2022) (holding that attempted Hobbs Act robbery is not a crime of violence), would be similarly unavailing. Aiding and abetting a crime of violence is a crime of violence because, under 18 U.S.C. § 2, an aider and abetter "is punishable as a principal."  *United States v. Worthen*, 60 F.4th 1066, 1069 (7th Cir. 2023); *accord United States v. Phillips*, No. 21-1260, 2022 WL 18673219 (3d Cir. Dec. 6, 2022); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (reasoning, in analyzing Hobbs Act robbery under now-defunct elements clause, that "aiding and abetting is not a separate crime [from Hobbs Act robbery], but rather an alternative charge that permits one to be found guilty as a principal" (internal quotation omitted)).  Because the argument Evans wanted his attorney to advance would have been unsuccessful, he cannot satisfy *Strickland*'s prejudice prong.

Finally, Evans says his attorney pressured him to plead guilty.  This assertion is belied by Evans's representations during his plea colloquy that he was satisfied with his lawyer's representation; that nobody had threatened, coerced or forced him to plead guilty; and that he made the decision to plead guilty of his own free will.  (Change of Plea Tr. 17:8–10, 33:9–17); *see also Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (defendant's "declarations in open court carry a strong presumption of verity"), *United States v. Shumaker*, 475 F. App'x 817, 822 (3d Cir. 2012) (unpublished).

C

Evans faults his lawyer for failing to negotiate a better guilty plea agreement,

insisting that "competent counsel would have rejected the offer made by the

government because it was unreasonable and exceed[ed] the guidelines range." (Pet. at

4.)  This claim is not consistent with the facts of the case—the Government never

offered a plea agreement, so there was nothing for counsel to accept or reject.  (Resp.

Br. 8, ECF 71; Change of Plea Tr. 10:13.)  Moreover, although the right to effective

assistance of counsel attaches at the plea-bargaining stage, "a defendant has no right to

be offered a plea," *Missouri v. Frye*, 566 U.S. 134, 148 (2012), and the Government, not

defense counsel, controls whether and on what terms to offer one.  District courts in

this Circuit have held, as a corollary to these principles, that "[i]f no plea offer is

made . . . [ineffective assistance of counsel] simply does not arise." *United States v.*

*Slane*, No. 11-81, 2015 WL 728481 (W.D. Pa. Feb. 19, 2015) (quoting *Lafler v. Cooper*,

566 U.S. 156, 168 (2012)) (alterations in original).[1]

D

Finally, Evans claims his attorney provided ineffective assistance by failing to

explain the risks of accepting a plea agreement.  First, he says his lawyer told him that

"the judge would not hold him accountable for the conduct of his codefendants"—

presumably, meaning that he would not have been held responsible for the § 924(c)

offenses, because he denies that he carried a gun during the robberies.  (Pet. at 5.)  But

this argument contravenes the record.  At the change of plea hearing, the Court

---

[1]       Evans has not shown that the Government would have been willing to offer a plea agreement.  To the contrary, counsel stated at the change of plea hearing that his client "wishes to not have an open plea but wants the C plea.  And, once again, I've indicated to him that the Government is not going to agree to a C plea." (Change of Plea Tr. 7:25–8:3.)  After consulting with his attorney, Evans decided to plead open to the indictment. (*Id.* at 10:4–14.)

explained the elements of the § 924(c) counts, including the aiding and abetting theory, and the prosecutor outlined the factual basis for the plea. (Change of Plea Tr. 24:7–26:20.) Evans indicated that he understood the elements of the aiding and abetting charge and agreed that he did what the prosecutor said he did. (*Id.* at 25:5–7, 27:10–16.)

Evans also claims that his lawyer told him he would receive a sentence of, at most, 135 months and "promise[d]" that "he's (100) percent sure he will receive only a 10 year sentence[ ] and that the judge will give him less than the recommended guidelines." (*Id.*) Evans's testimony at his change of plea hearing that nobody "promised [him] or led [him] to believe that [he] will receive a particular sentence in this case" tanks his argument. (Change of Plea Tr. 32:9–12.) Even if defense counsel made such a representation, Evans's change of plea colloquy would have dispelled his misapprehension. *See Shedrick*, 493 F.3d at 299. After the prosecutor recited the maximum possible penalties for the charges—20 years for each robbery count and life imprisonment, with a mandatory minimum of seven years to run consecutively for each § 924(c) charge, (Change of Plea Tr. 27:24–29:5)—Evans said he understood the Court was the ultimate arbiter of the advisory sentencing guidelines and that it could impose a sentence that was either more severe, or less severe, than those guidelines recommend. (Change of Plea Tr. 30:19–31:13, 31:25–32:4.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.